**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------- X
    :
    :
    :
    :    Civil Action No.:
HILLLARY SMALLWOOD    :
    :    **COMPLAINT**
    Plaintiff    :
    v.    :
    :    To remedy discrimination and retaliation in violation of
    :    FMLA, the ADA and/or in the alternative to remedy
DELTA AIR LINES, INC.,    :    discrimination in violation of the ADEA
    :
    Defendant.    :
    :    **Jury Trial Demanded**
    :
    :
--------------------------------------------------X

Plaintiff, Hillary Smallwood, by and through her undersigned attorneys, complaining of Defendant, Delta Air Lines, Inc. ("Delta"), brings the instant action requesting judgment in her favor, and against Defendant, and in support thereof, alleges, upon information and belief, as follows:

## NATURE OF ACTION

1.  Plaintiff, Hillary Smallwood, a former employee of Delta Air Lines brings this lawsuit against her previous employer, Delta, to remedy wrongful termination on a discriminatory basis, in retaliation for attempting to use FMLA and/or due to her disability or perceived disability status and/or age.

## PARTIES

2.  Plaintiff, Hillary Smallwood, is an adult individual, residing at 2668 Deltacrest Hernando, Mississippi 38362.  At all times material hereto, Plaintiff was employed by

Defendant, Delta Air Lines, as a Flight Attendant.  In her capacity of an employee of Delta, Plaintiff was a Flight Attendant based out of New York since in or around May 2016 and has worked as a Flight Attendant for Delta for over 28 years. In addition to working out of New York, Plaintiff has also been based out of Atlanta and Tennessee.  Plaintiff suffers from bursitis in her left hip which can interfere with and cause severe difficulty walking, and can cause swelling, inflammation and severe pain.  Plaintiff's employment was wrongfully terminated by Delta on or about May 30, 2017.

3.   Delta is a corporation duly organized and existing under the laws of the State of Delaware, with headquarters in Atlanta, Georgia.  Delta employs more than 80,000 employees worldwide and, as of October, 2016, flew to 54 countries on 6 continents.  In 2013, Delta was the world's largest airline in terms of passengers carried, at 120.6 million passengers.  Delta has numerous key hubs and markets including but not limited to New York, at JFK International Airport and LaGuardia Airport.

## JURISDICTION AND VENUE

4.   The above paragraphs are incorporated herein by reference.

5.   Jurisdiction in this Honorable Court is based on federal question 28 U.S.C. §1331; supplemental jurisdiction over state law claims is granted by 28 U.S.C. §1367.

6.   Venue is proper in the Eastern District of New York, as the facts and transactions involved in the discrimination complained of herein occurred in large part in this judicial district. at JFK International Airport, in Bronx County, New York.

## STATEMENT OF FACTS

7.   The above paragraphs are incorporated herein by reference.

8.  Delta, in a number of unlawful, intimidating and discriminatory acts, created a discriminatory and hostile work environment for Plaintiff.

9.  Plaintiff was employed by Delta from February 1989 until May 30, 2017, when she was wrongfully terminated on a discriminatory basis, in retaliation for trying to get absences approved for a serious medical condition under the Family and Medical Leave Act (FMLA).

10. A loyal flight attendant for over 28 years, including her tenure at Northwest Air prior to its merger with Delta, Plaintiff had a reputation of providing her customers with excellent service. Due to her first-rate service, she was always rated among the top 50 flight attendants out of Delta's 5,000 flight attendants. In 2017, she was rated number 23 out 5,000 flight attendants.

11. Plaintiff began having issues with getting her medical conditions approved under FMLA as far back as 2013.  Beginning in or around February 2013, Plaintiff also began suffering from serious sinus allergies, causing her to miss work. Plaintiff's physician filled out all of the necessary FMLA paperwork, in addition to issuing doctor's notes for her absences.

12. Upon information and belief, however, these sick absences were not properly processed or accepted by Delta. Thus, while Plaintiff had a legitimate, serious medical condition and illness that kept her from working, Delta charged Plaintiff with unexcused absences.

13. These unexcused absences not only caused Plaintiff to be put on probation, they caused her to be removed from the Purser Program, a managerial program for Delta's international flight attendants.

14. Removal from the Purser program was a demotion for Plaintiff. She had been a Purser for two years and removal from the Program caused her substantial embarrassment.

15. Plaintiff thereafter continued to have difficulties getting FMLA paperwork and absences for several medical diagnoses including neck issues and most recently bursitis in her hip approved.

16. Plaintiff suffers from bursitis in her left hip. A bursitis flare up causes her causes her to have difficulty walking, especially up and down stairs, hip swelling, inflammation and severe pain.

17. Due to Delta's failure to properly process the paperwork for these absences, Plaintiff was constantly getting verbal and written coaching's from management regarding her attendance. This was false, however, as Plaintiff's absences were always legitimate and reported in a timely manner and per Delta's policy, at least five and a half hours before Plaintiff was due to be at work.

18. Since Plaintiff had such trouble getting her absences approved, if she felt a bursitis flare up coming on, she would even try to find another flight attendant to cover her trip to avoid getting into trouble.

19. On or about April 4, 2017, Plaintiff suffered from an abscessed tooth. This caused Plaintiff's face to swell and one of her eyes was completely swollen shut. Obviously, this caused Plaintiff to miss work. Even though she provided a doctor's note to Delta, her absence was not excused and she was not granted FMLA time.

20. On or about April 12, 2017, Plaintiff had a bursitis flare up.  She had seen her doctor, he had filled out the FMLA paperwork and gave Plaintiff a doctor's note. Plaintiff called out sick to Delta in a timely manner before her trip. When Plaintiff called Delta, upon information and belief, Delta's phone lines were not working and the phone got disconnected through no fault of Plaintiff. She called again and no one at Delta picked up the line. She called several more times

before she finally got through to Delta, but her absence was not excused, and she was not granted FMLA status. Delta falsely claimed Plaintiff had called in late, despite Plaintiff having called in a timely manner.

21. On or about April 25, 2017, Plaintiff had another bursitis flare up. Again, she saw her doctor, had her FMLA paperwork filled out, got a doctor's note and called out of work in a timely manner. However, this absence also went unexcused because Delta failed to properly process her paperwork.

22. Plaintiff's paperwork for these April 2017 absences was not properly processed by Delta. Plaintiff frequently called the assigned individual, but the calls were not returned or answered.

23. Upon information and belief, Plaintiff was unfairly targeted and discriminated against based on her attempts to use FMLA and due to her disability and/or perceived disability of bursitis in her hip and/or her age.

24. Despite always having a valid reason for her absences, they were never approved and she was constantly coached due to her reliability.

25. Delta managers would also regularly find issues with Plaintiff, even though she had not done anything wrong.

26. For example, managers would harass Plaintiff because she was wearing a union pin, even though the pin was in dress code compliance pursuant to the Delta Employee Handbook.  Upon information and belief, the harassment concerning Plaintiff's uniform was nothing more than pretext for FMLA and/or disability discrimination. In addition to and/or in the alternative the harassment regarding Plaintiff's uniform was pretext for age discrimination as described in the proceeding facts.

27. Despite her many years with Delta, on or about May 10, 2017, Plaintiff was suspended and subsequently fired from her position at Delta.

28. The termination of Plaintiff had no valid business purpose or justification.

29. In addition to and/or in the alternative, the discipline and subsequent termination of Plaintiff was due to her age of 49 years old.

30. Upon information and belief, Delta Air Lines has engaged in an illegal pattern and practice of intentionally discriminating and retaliating against senior employees based upon their age.

31. Delta has publicly stated that it is turning its attention to millennials, those born from the early 1980's to the late 1990's. Delta's CEO, Edward Bastian, has said by 2020, half of Delta's customers will be millennials and it is anticipated that Delta's employees will mirror the same balance.

32. Upon information and belief, Delta has engaged in a pattern and practice of using pretextual, embellished or untruthful allegations to terminate flight attendants who are over 40 years old.

33. Bastian stated during a 2016 interview, "There's no question that the face of Delta's employees is changing, it's becoming younger…. We have got to stay ahead of that change and make certain our product and our service offerings are fresh."  Delta News Hub, May 2, 2016.

34. Upon information and belief Delta's website, called DeltaNet -- highlighted it's commitment to hiring a younger workforce, with a large headline: "Delta commits to hire young American workers for 'First Job'."

35. Upon information and belief, Delta has no plans of expanding its total number of flight attendants.

36. Delta is not in a position to hire a large number of employees to fulfill their millennial goals without removing a significant number of Delta's senior employee pool. This means that Delta's older employees will have to leave their employment either voluntarily or involuntarily.

37. In 2017, Plaintiff's salary as a senior flight attendant, with only flying the minimum amount of flight time required, was approximately $65,000 per year. Upon information and belief, Delta could hire three rookie flight attendants for the same amount of money they were paying Plaintiff yearly.

38. In 2017, Delta released a reality show called "Earning Our Wings" about becoming a flight attendant. Upon information and belief, one of the motivations for this show was to attract younger "millennial" employee applicants.

39. Upon information and belief, Delta has a de facto policy to terminate or discipline older employees due to perceived or manufactured infractions of company rules.

40. Upon information and belief, from publicly available sources:

    a.  Delta's most recent incoming classes of flight attendants have been predominantly under 30 years old.

    b.  Upon information and belief, a Delta flight attendant based in Detroit, "Employee A", who flies throughout the system, observed that the ages of flight attendants was going down, mostly because incoming classes were predominantly young people.

    c.  Employee A felt that it was obvious that Delta was getting rid of older flight attendants so they could be replaced by younger ones.

d. Employee A learned of multiple cases where older Delta employees were terminated for false reasons or trivial reasons that would not have warranted termination in past years.

e. Employee A is over 40 years old and began working as a flight attendant for Northwest Airlines before its merger with Delta in 1979. Based upon her observation (and pursuant to the flight attendant seniority lists that she has seen) the total number of flight attendants in the employ of Delta Air Lines has not been expanding -- yet young flight attendants now dominate the incoming ranks. Employee A further stated this means that Delta is replacing older flight attendants in increments. Older flight attendants are being phased out -- by forced retirement and involuntary termination -- in favor of younger flight attendants, according to said Employee A.

f. The EEOC's Miami office is investigating claims of age discrimination by Delta Air Lines in which the corporation fired or forced out older flight attendants. The victims have claimed false, exaggerated or pretextual reasons for the adverse actions against them.

g. Another Delta Flight Attendant, "Employee B," who was first hired as a flight attendant in 1978 with Northwest Airlines prior to its merger with Delta, is 74 years old. According to her sworn EEOC charge, she was forced to retire for an alleged violation of company policy, which alleged violation "had not caused the termination of younger employees.  Thus, I was forced to resign (retire) because of my age."  Employee B's EEOC charge included a formal charge of age discrimination.

h.  Employee B's sworn EEOC charge, stated, further, that, "I think there is a provable trend at Delta to rejuvenate its work force, i.e. make it younger.  What I mean by that is that it is terminating (or forcing termination of) older employees upon false or trivial accusations or at least accusations that previously would have warranted lesser discipline, such as letters of reprimand and/or suspensions.  What this means is that older employees are being let go or forced out and replaced with younger employees earning fractionally less than their predecessors.  Delta is even resorting to false or exaggerated allegations."  Thus, the complainant identified age discrimination and pretext in the reasons selected to fire her.

i.  According to the EEOC charge of another Delta flight attendant, "Employee C", he was over 40 years old when fired from Delta and alleged in his EEOC charge that the company committed age discrimination against him.  He claimed that, "there is a provable trend at Delta to 'rejuvenate' its work force, i.e. make it younger.  What I mean by that is that it is terminating older employees upon false or trivial accusations or at least accusations that previously would have warranted lesser discipline, such as letters or reprimand and/or suspensions."  Thus, the complainant identified age discrimination and pretext in the reasons selected to fire him.

j.  According to another EEOC charge, with similar accusations, Delta is getting rid of older flight attendants to make room for young ones, thus, age discrimination had been committed, according to the sworn EEOC charge.  The complainant was 67 years old when fired for reasons that he claimed under oath would not have caused termination previously.  This was done to make room for young flight

attendants.  He had worked for Delta and Northwest Airlines as a flight attendant since 1987.  Thus, the complainant identified age discrimination and pretext in the reasons selected to fire him.

k.  Upon information and belief, according to allegations in federal court pleadings, several other Delta flight attendants have also noted the trend of getting rid of older flight attendants to be replaced by young ones.  One stated that all new hires as flight attendants are in their mid-20s and early 30s.  Another stated that Delta Air Lines was obviously moving to terminate its older flight attendants to make room for new ones who were completing their training classes.  Trivial reasons were selected to force out older flight attendants, which reasons would not have caused significant discipline at all in prior years, they informed plaintiff.

41. The firing of Plaintiff was pretextual. Plaintiff had an exceptional work record, and never violated any Delta policies. She had an excellent reputation with her customers.  Plaintiff's termination was pretextual for age discrimination.

42. Plaintiff believes and therefore avers, in the addition and/or in the alternative, that the foregoing conduct violated other laws including but not limited to the FMLA, the ADA , the ADEA, and/or other laws that provide exhaustion of administrative remedies with the EEOC or other agencies.

43. Plaintiff has exhausted said remedies after filing with the EEOC and other state agencies and has obtained a right to sue.  This action is filed within 90 days of the issuance of Plaintiff's right to sue letter from the EEOC.

**STATEMENT OF CLAIMS**

**COUNT I.**
**INTERFENCE WITH FMLA RIGHTS**

44. The above paragraphs are incorporated herein by reference.

45. Delta was Plaintiff's "employer" as defined by the FMLA.

46. Plaintiff was an eligible employee under the FMLA

47. Defendant interfered with Plaintiff's rights protected under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq.

## COUNT II.
## RETALIATION IN VIOLATION OF FMLA

48. The above paragraphs are incorporated herein by reference.

49. Delta unlawfully retaliated against Plaintiff in violation of the FMLA.

50. Delta conduct constitutes unlawful retaliation against Plaintiff in violation of Delta rights under the FMLA, 29 U.S.C. §2615(a).

51. Delta acted purposely and with malice with the intent to injure Plaintiff.

52. The foregoing actions of Defendant created a hostile work environment that was severe and pervasive and that altered the terms and conditions of Plaintiffs employment

53. As a direct and proximate result of Delta's actions and unlawful retaliation against Plaintiff, Plaintiff has suffered mental and emotional damages, Plaintiff's employment was terminated and Plaintiff has incurred, and will continue to incur, substantial economic damages.

## COUNT III.
## ADA VIOLATIONS

54.  The foregoing paragraphs are incorporated herein by reference.

55. In addition to and/or in the alternative, the foregoing adverse employment actions taken against Plaintiff constituted retaliation for Plaintiff's lawful requests and exercise of rights under the ADA.

56. The foregoing actions of Defendant created a hostile work environment that was severe and pervasive and that altered the terms and conditions of Plaintiffs employment.

57. Further, Delta failed to accommodate Plaintiff's disability or perceived disability and failed to engaged in a constructive, interactive process concerning same.

## COUNT IV.

## AGE DISCRIMINATION

58. The foregoing paragraphs are incorporated herein by reference.

59. In addition to and/or in the alternative to the proceeding claims, the foregoing adverse employment actions taken against Plaintiff, constituted age discrimination under the ADEA.

60. Delta conduct constitutes unlawful discrimination against Plaintiff in violation of her rights under the ADEA, 29 U.S.C. § 621 *et seq.*

61. Delta acted purposely and with malice with the intent to injure Plaintiff.

62. The foregoing actions of Defendant created a hostile work environment that was severe and pervasive and that altered the terms and conditions of Plaintiff's employment.

63. The foregoing actions of Defendant constituted wrongful termination in violation of the ADEA.

64. As a direct and proximate result of Delta's actions and unlawful retaliation against Plaintiff, Plaintiff has suffered mental and emotional damages, Plaintiff has incurred, and will continue to incur, substantial economic damages.

## COUNT V.
## VIOLATION OF THE NEW YORK HUMAN RIGHTS LAW (NYHRL)

65. The above paragraphs are incorporated herein by reference.

66. The above acts and practices of Delta constitute unlawful discriminatory employment practices under the New York Human rights Law.

67. As a result of Delta's discriminatory acts, Plaintiff has suffered and shall continue to suffer monetary damages and damages for mental suffering and humiliation unless and until the Court grants relief.

## COUNT VI.
## VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW

68. The above paragraphs are incorporated herein by reference.

69. The above acts and practices of Delta constitute unlawful discriminatory employment practices under the New York City Human rights Law.

70. As a result of Delta's discriminatory acts, Plaintiff has suffered and shall continue to suffer monetary damages and damages for mental suffering and humiliation unless and until the Court grants relief.

## COUNT VII.
## HOSTILE WORK ENVIRONMENT

71. The above paragraphs are incorporated herein by reference.

72. The foregoing actions of Defendant created a hostile work environment that was severe and pervasive and that altered the terms and conditions of Plaintiff's employment.

## COUNT VII
## VIOLATION OF TITLE VII

73. The above paragraphs are hereby incorporated herein by reference.

74. By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated Title VII.

75. Said violations were done with malice and/or reckless indifference and warrant the imposition of punitive damages.

76. As a direct and proximate result of Defendant violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney's fees and costs.

77. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant discriminatory acts unless and until this Court grants the relief requested herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Delta, and Order the following relief:

a. A declaratory judgment declaring that Delta has illegally discriminated against Plaintiff;

b. Reinstatement of Plaintiff's employment;

c. Declaring the acts and practices complained of herein are in violation of Title VII, the ADA 42 U.S.C. Section 12101 et. seq., the FMLA, the ADEA and NY State Human Rights Law and the NY City Human Rights Law;

d. Enjoining and permanently restraining the aforesaid violations;

e. Make whole order for Plaintiff, both in terms of pay, compensation, benefits, terms and conditions and emoluments of employment, including but not limited to back pay, front pay, and any pay differential;

f. Payment of compensatory and punitive damages, to all Plaintiffs in an amount to be determined at trial; and,

g. An award of Plaintiff's attorneys' fees and costs of suit as provided by Title VII, the FMLA, the  ADA, the ADEA, NY State Human Rights Law, and New York City Human Rights Law.

h. Such other relief as this honorable Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues so triable herein.

[remainder of page left intentionally blank]

Dated:    June 18, 2018

Respectfully submitted,

MILDENBERG LAW FIRM
Brian R. Mildenberg, Esq.
PA Attorney ID No. 84861
1735 Market St.,
Suite 3750
Philadelphia, PA 19103
215-545-4870
Fax: 215-545-4871
brian@mildenberglaw.com
www.MildenbergLaw.com
Attorney for Plaintiffs
(*pro hac vice* pending)

WEISBERG LAW
Matthew B. Weisberg, Esq.
PA Attorney ID No. 85570
7 South Morton Ave
Morton, PA 19070
610-690-0801
Fax: 610-690-0880
Attorney for Plaintiffs
(*pro hac vice* pending)

PAWAR LAW
GROUP P.C.
*/s/ Vik Pawar*
Vik Pawar, Esquire
20 Vesey Street, Suite 1210
New York, New York 10007
(212)-571-0805 (phone)
(212)-571-0938 (fax)
(Local Counsel)